UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DEIRDRE C. JOHNSON,

                Plaintiff,                       **MEMORANDUM AND ORDER**
                                                                    14-CV-7596 (WFK)

          -against-

WELLS FARGO BANK, N.A.; BANK OF AMERICA,
N.A.; AMERICAN HOME MORTGAGE SERVICING,
INC.; MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC.; WELLS FARGO HOME MORTGAGE,
INC.; MERSCORP, INC.; GLOBAL HOME LOAN
& FINANCE, INC.; C.P. MORTGAGE, INC.;
DOE CORPORATION 1-100,

                Defendants.
-----------------------------------------------------------x
WILLIAM F. KUNTZ, II, United States District Judge.

Plaintiff Deirdre C. Johnson, filed this *pro se* action on December 29, 2014. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims are dismissed with prejudice.

## BACKGROUND

Plaintiff's allegations relate to real property located at 154 Oak Street in Patchogue, New York. The Court notes that plaintiff's cause of action and factual assertions are the same as those set forth in a complaint plaintiff filed against many of the same defendants in this Court on February 15, 2013. See Johnson v. Bank of America, N.A. et al., 13-CV-896 (WFK), Dkt. Entry 1 ("Prior Action"). On February 26, 2013, the Court dismissed the action for lack of subject matter jurisdiction. See Prior Action, Dkt. Entry 4. In the current action, plaintiff states that on or

1

about April 2005, "Wells Fargo claimed the plaintiff was late on mortgage payments and started *lis pendens*." Compl. at 4. She further states that

> [i]n early fall of 2005 the Plaintiff was contacted by C.P. Mortgage. Instead of a refinance, the owner Christopher Perry offered to buy the property with the plaintiff being able to buy it back stipulated in the paperwork. . . . Plaintiff believes that Christopher Perry had been acting as a 'straw buyer' in collusion with Wells Fargo and [MERSCORP, MERS Inc., and the MERS System]. . . . The plaintiff went to several attorneys' [sic] who were not concerned that plaintiff lost the equity in the property but that the bank had sustained a loss due to Christopher Perry's antics.

Id. at 5-6. Plaintiff argues that "[t]here has been a collusion of fraud with regard to the Title Deed of this property," and seeks, *inter alia*, money damages and injunctive relief. Id. at 4, 6.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume that "all well-pleaded, nonconclusory factual allegations in the complaint" are true. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2013).

2

## DISCUSSION

*Res Judicata*

Plaintiff's instant action is barred by the doctrine of *res judicata*. The doctrine of *res judicata* holds that when a judgment is rendered on the merits, it bars a second suit between the same parties and those in privity with them based on the same cause of action or claims. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). Moreover, "'[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.'" Cieszkowska, 295 F.3d at 205 (internal quotations omitted). A court may consider the issue of *res judicata sua sponte*. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise res judicata in answer does not deprive a court of the power to dismiss a claim on that ground."); see also Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 399 (2d Cir. 2003) ("Res judicata, unlike other defenses, can be raised by the district court *sua sponte* to determine that jurisdiction does not exist.").

To determine whether *res judicata* applies to preclude later litigation, a court must find that "'(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000)) (brackets in original); Bay Fireworks, Inc. v. Frenkel & Co., Inc., 359 F. Supp. 2d 257, 261 (E.D.N.Y. 2005).

Plaintiff's instant action pertains to the same set of facts and raises many of the same

3

claims as in her prior action and must therefore be dismissed. Salahuddin, 992 F.2d at 449 ("Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory."); see also Husain v. Smarte Carte Inc., No. 11-CV-5605 (KAM), 2011 WL 6204990, at *1 (E.D.N.Y. Dec. 12, 2011) (holding complaint was barred by *res judicata* because plaintiff attempted "to re-litigate the same claims plaintiff asserted unsuccessfully before.").

Subject Matter Jurisdiction

Even if this action was not barred by *res judicata*, plaintiff's claims do not form any basis for subject matter jurisdiction. "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides for "[f]ederal question" jurisdiction, and § 1332 provides for "[d]iversity of citizenship" jurisdiction. Id. (brackets in original). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Id. Jurisdiction under § 1332 jurisdiction exists when a plaintiff presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, which is currently $75,000. Id.; see also 28 U.S.C. § 1332(a) (2013). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008). Here, plaintiff alleges diversity jurisdiction, but complete diversity does not

4

exist between the parties and plaintiff's claims do not present a federal question.[1]

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B) (2013), Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
January 15, 2015

---

[1] To the extent plaintiff seeks to have this Court intervene in any foreclosure or landlord-tenant matters, this Court is without jurisdiction to grant plaintiff the relief she seeks. See Modica v. Eastern Savings Bank, No. 14-CV-1384 (KAM), 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014) (noting federal court lacks jurisdiction over judgments of foreclosure, as they are "fundamentally matters of state law") (internal citation omitted); Gordon v. Deutsche Bank Nat. Trust Co., No. 11 CV 5090 (WFK), 2011 WL 5325399, at *2 (E.D.N.Y. Nov. 3, 2011) ("To the extent that plaintiff seeks to overturn the state court proceedings regarding the foreclosure of his home, this Court lacks subject matter jurisdiction.").